**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER AMTHOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-1085-JSD |
| | ) |
| JR. JACK P. GRAYSON, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Jennifer Amthor, proceeding without counsel, seeks leave to proceed in this action without prepaying fees or costs. (ECF No. 3). Having reviewed her motion, the Court finds that she cannot afford the filing fee in this matter. The Court will therefore grant the motion and waive the fee. Nevertheless, for the reasons explained below, the Court will dismiss the action for failure to state a claim.

### **The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against three Defendants related to a state court child custody case. The named Defendants are: Jack P. Grayson, Jr., the child's biological father; Steve Bernard Galvin, a Missouri Department of Social Services employee and Grayson's stepfather; and Honorable Travis D. Partney, the Missouri circuit judge overseeing the custody case.

Plaintiff alleges violations of her Fourteenth Amendment rights and a failure to protect the child from a known and credible danger. She asks this court to issue a temporary restraining order immediately removing the child from the custody of Defendant Grayson, enjoin and bar

Defendant Galvin from any further involvement in the case, and require Defendant Partney to immediately act on pending emergency filings.

## Discussion

Plaintiff's filings do not state any basis for federal court jurisdiction over this matter. Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This case falls within the domestic relations exception to federal jurisdiction. That doctrine bars federal courts from hearing cases relating to divorce, alimony, or child custody. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted). As the Supreme Court explained in *Ex parte Burrus*, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." 136 U.S. 586, 593-94 (1890).

Here, although Plaintiff drafted her complaint to allege Fourteenth Amendment violations, her claims are "inextricably intertwined" with state court determinations of custody rights concerning her minor child. *Id.* Packaging her concerns as civil rights violations does not change the fact that Plaintiff is asking this Court to remove a child from the custody of the biological father. (ECF No. at 3). "The family law exception to federal jurisdiction applies even

2

when a party is alleging a violation of federal law," and federal "[c]ourts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Frawley v. Schutt*, 2021 WL 5415326 at *6 (E.D. Mo. Feb. 19, 2021)(quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D. Idaho Nov. 13, 2020)). Because Plaintiffs' claims are "inextricably intertwined" with the underlying state family law action, the Court will abstain from exercising jurisdiction over her claims. *See Kahn*, 21 F.3d at 860 n.1 ("Courts generally use abstention in the context of a dispute relating to domestic relations when the controversy does not fall within the exact purview of divorce, alimony, or child custody but instead is closely related.").

Additionally, to the extent Plaintiff's claims could be construed as asking this Court to determine that certain state court decisions relating to custody rights were incorrect, this Court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the United States Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It appears that Plaintiff's claims here can only succeed if this Court decides that a state-court decision regarding her minor child was wrongly decided. As such, Plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma*, 74 F.3d at 162.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction and failure to state a claim.

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

Dated this 22nd day of August, 2025.

                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE